UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

          Plaintiff,

    v.

EDMUND G. BROWN, JR. et al.,

          Defendants.

No.  2:15-cv-1787 JAM KJN P

ORDER

I.     Introduction

     Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

II.    Request to Proceed In Forma Pauperis

     Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis is granted.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

III.    Request for Recusal

Plaintiff has filed a document in which he expresses concern regarding the assignment of cases to magistrate judges in the Eastern District of California.  (See ECF No. 5.)  Plaintiff speculates that all cases involving "high ranking state officials" are assigned to United States Magistrate Judge Allison Claire and the undersigned.  (See id. at 1.)  Plaintiff states that he wishes to avoid the undersigned "at all costs," but provides no explanation for this request.  (See id. at 2.)  However, plaintiff's vague reference to his desire for a "fair shot" at presenting his case, see id., suggests that plaintiff may intend to allege that the undersigned is biased against plaintiff.

Plaintiff is advised that pursuant to 28 U.S.C. § 455, a magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning a party.  However, judicial bias, i.e., bias based solely on information obtained during the course of proceedings, is not improper; only extrajudicial bias, i.e., bias stemming from an extrajudicial source, is improper.  Habrouck v. Texaco, Inc., 842 F.2d 1034, 1045-46 (9th Cir. 1987).  It is not clear why plaintiff does not wish to proceed before the undersigned.  To the extent plaintiff's request is based on the undersigned's dismissal of plaintiff's complaints in other civil cases,[1] these allegations without more do not require recusal by the undersigned.  Accordingly, to the extent plaintiff's filing may be construed as a request for recusal, plaintiff's request is denied.

////

////

---

[1] See Dkt. No. 18 in Brown v. Brown, Case No. 12-cv-0934 KJM KJN P (E.D. Cal. October 17, 2012) (recommending that plaintiff's case be dismissed without prejudice for failure to file an amended complaint); Dkt. No. 34 in Brown v. Brown, Case No. 11-cv-3053 KJM KJN P (E.D. Cal. October 17, 2012) (same).

1        IV.     Screening

2        The court is required to screen complaints brought by prisoners seeking relief against a

3 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

10 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

14 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

15 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

16 1227.

17        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

20 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

22 formulaic recitation of the elements of a cause of action;" it must contain factual allegations

23 sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

24 facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

25 the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

26 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

27 In reviewing a complaint under this standard, the court must accept as true the allegations of the

28 complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

1    favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

2    grounds, Davis v. Scherer, 468 U.S. 183 (1984).

3                      A. Allegations of the Complaint

4            In his complaint, plaintiff names Governor Edmund Brown and former CDCR Secretary

5    Jeffrey Beard as defendants.  (See ECF No. 1 at 1.)  Plaintiff alleges that unspecified prison

6    officials repeatedly obstructed plaintiff's attempts to send mail to "various law enforcement,

7    government, and press agencies."  (Id. at 2.)  According to plaintiff, both Governor Brown and

8    Secretary Beard had knowledge that subordinate prison personnel were refusing to process

9    plaintiff's written requests related to outgoing mail, but failed in their legal responsibility to

10   ensure that subordinate staff members complied with CDCR.  (See id. at 4.)  Although it is not

11   entirely clear, plaintiff appears to allege that defendant Brown was provided with receipts

12   indicating that plaintiff had delivered mail to prison officials for mailing, but the mail was never

13   delivered to the United States Postal Service.  (See id. at 2.)  Plaintiff further alleges that the

14   interference with his mail may have been an act of retaliation for plaintiff's "activist efforts to

15   expose crime . . . and blatant corruption by prison personnel."  (Id. at 3.)  Inexplicably, plaintiff

16   alleges that Governor Brown's failure to stop the interference with plaintiff's mail resulted in

17   damage to plaintiff's spine, amputation of an unspecified limb, and loss of life expectancy for

18   plaintiff.  (See id. at 2.)  Plaintiff alleges that defendants actions' violated plaintiff's First, Eighth,

19   and Fourteenth Amendment rights.

20                      B. Supervisory Liability

21           To the extent plaintiff seeks to impose liability on defendants Brown and Beard based

22   solely on their alleged supervisory roles, plaintiff is advised that the Civil Rights Act under which

23   this action was filed provides as follows:

24                   Every person who, under color of [state law] . . . subjects, or causes
                     to be subjected, any citizen of the United States . . . to the
25                   deprivation of any rights, privileges, or immunities secured by the
                     Constitution . . . shall be liable to the party injured in an action at
26                   law, suit in equity, or other proper proceeding for redress.

27   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

28   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

                                        4

1   Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

2   liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

3   affirmative link between the incidents of police misconduct and the adoption of any plan or policy

4   demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

5   to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

6   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

7   legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,

8   588 F.2d 740, 743 (9th Cir. 1978).

9          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

10  their employees under a theory of respondeat superior and, therefore, when a named defendant

11  holds a supervisorial position, the causal link between him and the claimed constitutional

12  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

13  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

14  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

15  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

16  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

17  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

18  participation is insufficient).

19         Plaintiff's unsupported and conclusory allegations that defendants Brown and Beard are

20  liable for the alleged wrongdoing of various unidentified "prison personnel" are insufficient to

21  demonstrate a causal link or connection between defendants and the alleged violation of

22  plaintiff's constitutional rights.  Specifically, plaintiff's conclusory allegation that defendants

23  were aware of the alleged interference with plaintiff's mail, but failed to intervene, does not

24  demonstrate that Brown or Beard personally participated in any deprivation of plaintiff's

25  constitutional rights.  Accordingly, the complaint fails to state a claim for relief and will be

26  dismissed.  However, plaintiff will be granted leave to amend.

27         If plaintiff chooses to file an amended complaint, plaintiff should consider the legal

28  standards set forth below.

1          C.  Interference with Outgoing Mail

2          Prisoners enjoy a First Amendment right to send and receive mail.  Witherow v. Paff, 52

3   F.3d 264, 265 (9th Cir. 1995).  Nonetheless, prison officials may institute procedures for

4   inspecting legal mail, which includes mail sent between attorneys and prisoners, see Wolff v.

5   McDonnell, 418 U.S. 539, 576–77 (1974), and mail sent from prisoners to the courts, see Royse

6   v. Superior Court, 779 F.2d 573, 574–75 (9th Cir. 1986).  While the deliberate delay of legal mail

7   which adversely affects legal proceedings presents a cognizable claim for denial of access to the

8   courts, see Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir. 1986), isolated incidents of mail

9   interference without any evidence of improper motive or resulting interference with the right to

10  counsel or access to the courts do not give rise to a constitutional violation.  See Davis v. Goord,

11  320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident of mail tampering usually insufficient to state

12  claim); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incident of opening one

13  piece of legal mail in error does not rise to level of constitutional violation).  Moreover, there

14  must be a "delicate balance" between prisoners' First Amendment rights and the discretion given

15  to prison administrators to govern the order and security of the prison.  Thornburgh v. Abbott,

16  490 U.S. 401, 407–08 (1989).  Prison officials have more leeway to regulate incoming than

17  outgoing mail because of the greater security risks inherent in material coming into a prison.  Id.

18  at 413.

19         Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the

20  regulation furthers "an important or substantial government interest unrelated to the suppression

21  of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is

22  necessary or essential to the protection of the particular governmental interest involved."

23  Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh,

24  490 U.S. at 413–14.

25          D.  Eighth Amendment

26         The Eighth Amendment protects prisoners from inhumane methods of punishment and

27  from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

28  2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

6

only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150–51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812–14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

E.   Amendment

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.   Plaintiff's Letter

Plaintiff has filed a letter with the court, in which plaintiff describes an incident concerning an unwanted food tray in plaintiff's cell.  (See ECF No. 8.)  Plaintiff appears to allege

1   that Nurse Assistant Rivas left a food tray on the table in plaintiff's cell, despite plaintiff's

2   statement that he did not want the tray(s).  It appears that plaintiff pushed the unwanted food

3   tray(s) to the floor, and later received a disciplinary violation as a result of the incident.  (See id.

4   at 2-3.)  Plaintiff also alleges that Correctional Officer Crosby purposely walked slowly in

5   plaintiff's blind spot so that plaintiff would run into him, thereby providing grounds for Crosby to

6   claim staff assault.  (See id. at 7.)  Plaintiff states that he is tired of "these people and their hair-

7   brained schemes to set [him] up."  (Id. at 1.)

8         Plaintiff's letter is addressed to Governor Brown.  (See id. at 1.)  Thus, it is unclear

9   whether plaintiff intended to send the letter to the court, or whether plaintiff seeks to add Nurse

10  Rivas and Officer Crosby as defendants in the instant action.  To the extent plaintiff seeks to

11  bring claims against Nurse Rivas and Officer Crosby, plaintiff is advised he may not pursue

12  unrelated claims in one lawsuit.  While plaintiff may join multiple claims if they are all against a

13  single defendant, see Fed. R. Civ. P. 18(a), unrelated claims against different defendants must be

14  pursued in separate lawsuits, see George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ.

15  P. 20(a)(2) (joinder of defendants not permitted unless commonality and same transaction

16  requirements are met).  Here, plaintiff's allegations that defendants Brown and Beard failed to

17  address the alleged interference with plaintiff's outgoing mail appear wholly unrelated to

18  plaintiff's allegations that Nurse Rivas and Officer Crosby caused plaintiff to suffer unjustified

19  disciplinary violations.  Accordingly, if plaintiff wishes to bring claims against Nurse Rivas and

20  Officer Crosby, he must do so in separate lawsuit, after he exhausts administrative remedies.

21         VI.    Conclusion

22         In accordance with the above, IT IS HEREBY ORDERED that:

23         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

24         2.  Plaintiff's request for recusal (ECF No. 5) is denied.

25         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

26  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

27  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

28  Director of the California Department of Corrections and Rehabilitation filed concurrently

1  herewith.

2         3.  Plaintiff's complaint (ECF No. 1) is dismissed.

3         4.  Within thirty days from the date of this order, plaintiff shall complete the attached

4  Notice of Amendment and submit the following documents to the court:

5              a.  The completed Notice of Amendment; and

6              b.  An original and one copy of the Amended Complaint.

7  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

8  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

9  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

10 Failure to file an amended complaint in accordance with this order may result in the dismissal of

11 this action.

12 Dated:  October 12, 2016

13

14                                              _____
                                               KENDALL J. NEWMAN
15                                              UNITED STATES MAGISTRATE JUDGE

16 /brow1787.14.new+recusal

17

18

19

20

21

22

23

24

25

26

27

28

                                               9

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEXTER BROWN,                             No.  2:15-cv-1787 JAM KJN P

12                  Plaintiff,

13         v.                                    NOTICE OF AMENDMENT

14    EDMUND G. BROWN, JR. et al.,

15                  Defendants.

16

17         Plaintiff hereby submits the following document in compliance with the court's order

18    filed_____.

19                    _____          Amended Complaint
      DATED:
20

21                                           _____
22                                           Plaintiff

23

24

25

26

27

28